# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LETICIA CERVANTES DE HERNANDEZ,

        **Petitioner,**

    vs.                                         Case No. 05-C-347

MICHAEL CHERTOFF, et al.,

        **Respondent.**

# DECISION AND ORDER

Four days ago, this Court dismissed a petition for a writ of habeas corpus, temporary restraining order, injunction, and declaratory judgment filed by Leticia Cervantes de Hernandez ("Cervantes de Hernandez"). The Court concluded that it lacked jurisdiction to entertain the merits of her habeas corpus petition. Similarly, the Court concluded that it lacked jurisdiction to grant her a stay of deportation. *See* 8 U.S.C. § 1252(g); *Sharif ex rel Sharif v. Ashcroft*, 280 F.3d 786 (7th Cir. 2002).

Faced with the imminent threat of deportation, Cervantes de Hernandez quickly filed a notice of appeal. Surprisingly, she also asked this Court to stay her deportation pending review of her appeal by the Seventh Circuit. This request is perplexing since the Court has already concluded that it has no jurisdiction to stay her deportation. That conclusion has not changed.

Cervantes de Hernandez also cites no law in her motion. Perhaps she is invoking Federal Rule of Appellate Procedure 8, which allows the district court to order certain relief while a case is appealed. Among the types of relief the district court may order are "a stay of the judgment or order of a district court pending appeal," Fed. R. App. P. 8(a)(1)(A), and "an order suspending, modifying, restoring, or granting an injunction while an appeal is pending," Fed. R. App. P. 8(a)(1)(C). Cervantes de Hernandez is not asking for those forms of relief, however. She is not asking this Court to stay its own judgment or order (which would be an unusual feat, at any rate, since the Court determined it had no jurisdiction). She is not asking for an injunction either. *See Hor v. Gonzales*, 400 F.3d 482, 484 (7th Cir. 2005) (distinguishing "stays" and "injunctions"). Instead, she is asking the Court to actively interfere with the determination of *another* government body—specifically with an executive agency determination—by granting a stay of deportation. Federal Rule of Appellate Procedure 8 does not give the Court authority to take such action.

Perhaps Cervantes de Hernandez has in mind Federal Rule of Appellate Procedure 23. Federal Rule of Appellate Procedure 23 permits this Court to order that a prisoner continue in the custody from which she seeks relief while the Court's decision not to release her is under review. Fed. R. App. P. 23(b). But, again, there is a problem: the Court has not ordered that Cervantes de Hernandez continue in custody. In fact, the Court has determined that it has no jurisdiction to order that she be released from custody, likewise the Court does not have the power to order her to continue in custody.

Rule 23 also orders, however, that:

> pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of a prisoner must not transfer custody to another unless . . . . the court, justice, or judge rendering the decision under review [authorizes it].

Fed. R. App. P. 23(a). Of course, it would be curious for Cervantes de Hernandez to invoke this provision. It is a default rule that *prevents* her custodian from transferring custody without permission from this Court (and no one has sought that permission); it requires no action on her part. No one has briefed how this rule is impacted by the immigration statutes (that deprive the Court of jurisdiction in the first place), either.

None of those issues will be visited by this Court, however. The Court has already explained that it has no jurisdiction to grant a stay of deportation because 8 U.S.C. § 1252(g) prohibits courts from hearing "any cause or claim by . . . any alien arising from the decision or action by the Attorney General to . . . execute removal orders against any alien" and *Sharif* explains that "[a] request for a stay of removal 'arises from' the Attorney General's decision . . . to execute a removal order" and, therefore, may not be entertained by any court." *Id.* at 787. Cervantes de Hernandez has not told the Court why she believes, just days after receiving the Court's opinion, the Court suddenly has jurisdiction to grant a stay of deportation.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Cervantes de Hernandez's Emergency Motion for Stay of Deportation [Docket No. 21] is **DENIED**.

Dated at Milwaukee, Wisconsin this 9th day of May, 2005.

**BY THE COURT**

**s/ Rudolph T. Randa**

**Hon. Rudolph T. Randa
Chief Judge**